IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 5:12-cv-01328 EJD |
| PACIFIC METRO, LLC, | (Appeal from Bankr. N.D. Cal. (San Jose) Case No. 10-55788) |
| Debtor. | **ORDER DISMISSING CASE** |
| NORMAN YATOOMA & ASSOCIATES, | |
| Plaintiff(s)/Appellant(s), | |
| v. | |
| PACIFIC METRO, LLC, | |
| Defendant(s)/Respondent(s). | |

Appellant Normal Yatooma & Associates ("Appellant") filed a Notice of Appeal from a decision of the Bankruptcy Court on March 12, 2012, and the appeal was entered on the district court's docket on March 16, 2012. See Docket Item No. 1. On July 18, 2012, the court denied Respondent's motion to dismiss this case and issued, as an alternative to dismissal, an Order to Show Cause requiring Appellant to investigate the whereabouts of the record in this matter and file a brief declaration detailing the efforts made to secure the record by August 1, 2012. See Docket Item No. 11. The court advised Appellant that this case would be dismissed if Appellant did not file a response as directed.

Appellant did not comply. Instead of filing a declaration by the court-imposed deadline of

1  August 1, 2012, Appellant filed two untimely declarations on August 2, 2012. See Docket Item
2  Nos. 13, 14. In addition, instead of detailing Appellant's efforts to secure the record as the court
3  instructed, Appellant related that it needed to remove local counsel and find another attorney to
4  support *pro hac vice* admission. Appellant did not include any information about its contacts with
5  the Bankruptcy Court or state whether it inquired about the appellate record - a task which notably
6  does not require the employ of local counsel. The absence of any information responsive to the
7  Order to Show Cause leads the court to conclude that Appellant made no effort to conduct the
8  investigation necessary to develop this case.

9  Nor has Appellant followed through with its own representations. In the declarations filed in
10 response to the Order to Show Cause, Appellant stated that once local counsel was selected it would
11 "immediately afterward" move for *pro hac vice* admission in the Bankruptcy Court and file the
12 documents necessary for preparation of the appellate record. Appellant then moved for *pro hac vice*
13 admission based on new local counsel in the *District Court* on August 13, 2012, and the District
14 Court granted that motion on August 31, 2012. See Docket Item Nos. 15, 17. A review of the
15 Bankruptcy Court's docket reveals that Appellant did not make a similar motion for *pro hac vice*
16 admission in that court, and Appellant still has not filed the documents necessary for preparation of
17 the appellate record with the Bankruptcy Court.

18 At this time, the court finds it has provided Appellant sufficient opportunity to correct any
19 deficiencies and comply with Federal Rule of Bankruptcy Procedure 8006, but Appellant has not
20 availed itself of that opportunity. There are now no other less egregious options. The court
21 therefore finds good cause to dismiss this case for lack of prosecution pursuant to Federal Rule of
22 Civil Procedure 41(b) and Federal Rule of Bankruptcy Procedure 8001.

23 Based on the foregoing, this case is DISMISSED. The clerk shall close this file.

24 **IT IS SO ORDERED.**

26 Dated: September 11, 2012

EDWARD J. DAVILA
United States District Judge

CASE NO. 5:12-cv-01328 EJD
ORDER DISMISSING CASE